**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **DEANTWAN CALHOUN,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **vs.** | * | **CIVIL ACTION NO. 26-00222-KD-B** |
| | * | |
| **KIMBERLY CLARK,** | * | |
| | * | |
| **Defendant.** | * | |

# ORDER

Plaintiff Deantwan Calhoun, who is proceeding without an attorney, filed a form EEOC complaint alleging employment discrimination, together with a motion to proceed without prepayment of fees. (Docs. 1, 2). This matter was referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(S). Upon review, the Court finds that Plaintiff's motion to proceed without prepayment of fees is deficient and that his complaint fails to state a claim upon which relief could be granted.

## I. Plaintiff's Motion to Proceed without Prepayment of Fees is Deficient.

The undersigned has reviewed Plaintiff's motion to proceed without prepayment of fees and finds it is deficient because it does not provide enough information to allow the Court to determine whether Plaintiff should be permitted to proceed *in forma pauperis* in this action, for the reasons explained below.

First, Plaintiff states that he is single, that he earns $2,400 monthly, and that he does not hold any money in financial institutions. (Doc. 2 at 1-2). Plaintiff further alleges that he contributes $700 monthly for the care of his dependent son and nephew, and currently owes $25,000 to "Navy Fed" for a Toyota Camry valued at $27,000; however, Plaintiff does not state his monthly car payment amount, nor does he list any other monthly financial debts or obligations such as housing, utilities, and food, or explain how he is meeting his basic needs. (Id.). Accordingly, based on the limited information provided, the Court is unable to determine Plaintiff's ability to pay the statutory filing fee.

For the reasons set forth above, Plaintiff's motion to proceed without prepayment of fees (Doc. 2) is **DENIED without prejudice.** Plaintiff is **ORDERED** to file a new motion to proceed without prepayment of fees on this Court's form on or before **September 25, 2026.** In his new motion, Plaintiff must carefully and completely complete the form, including providing information regarding his monthly financial obligations such as housing, utilities, and food. To the extent Plaintiff is receiving assistance from family members or other entities in meeting his monthly financial obligations, he is to list the aid being provided, the source of such, and the amount of any such aid. In lieu of filing a new motion to proceed without prepayment of fees, Plaintiff may pay

the **$405.00** filing fee for a civil action on or before **September 25, 2026.**

**II. Plaintiff's Complaint Fails to State a Claim.**

When a motion to proceed without prepayment of fees is filed, the district court must also review the case and dismiss the complaint *sua sponte* if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Dismissal for failure to state a claim in this context is governed by the same standard as dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Bravo v. Loor-Tuarez, 727 F. App'x 572, 575 (11th Cir. 2018) (citation omitted).

A complaint in federal court is required to contain "a short and plain statement" of the plaintiff's claim. Fed. R. Civ. P. 8(a)(2). A plaintiff must plead "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To show a defendant is liable for the misconduct alleged, a plaintiff is required to "include factual allegations for each essential element of his or her

claim." GeorgiaCarry.Org, Inc. v. Georgia, 687 F.3d 1244, 1254 (11th Cir. 2012) (quoting Randall v. Scott, 610 F.3d 701, 707 n.2 (11th Cir. 2010)). Vague and conclusory allegations are subject to dismissal because they do not provide facts. Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984).

When considering a *pro se* litigant's allegations, a court gives them a liberal construction, holding them to a less stringent standard than those drafted by an attorney. Tannenbaum v. U.S., 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). "Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014) (citation omitted). Furthermore, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

The Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA") prohibits employers from discriminating against "a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

"A complaint in an employment discrimination case need not contain specific facts establishing a *prima facie* case under the evidentiary framework . . . . But complaints alleging discrimination still must meet the 'plausibility standard' of Twombly and Iqbal." Henderson v. JP Morgan Chase Bank, N.A., 436 F. App'x 935, 937 (11th Cir. 2011) (internal citations omitted). This plausibility standard is met in employment discrimination cases, "when the well-pleaded factual allegations of [the] complaint plausibly suggest that the plaintiff suffered an adverse employment action due to intentional . . . discrimination." See Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1246 (11th Cir. 2015).

Here, in his form complaint, Plaintiff checked the box indicating that his suit concerns "Failure to employ me," and further indicated that he is alleging employment discrimination against Kimberly Clark Paper Mill based on a "physical disability" pursuant to the ADA. (Doc. 1 at 1-3). And, in his motion to proceed without prepayment of fees, Plaintiff alleges he was discriminated against because of his hearing disability. (Doc. 2 at 1). Construing Plaintiff's allegations liberally, he has failed to plausibly allege that he was discriminated against because of his disability. In other words, Plaintiff has failed to allege any plausible facts showing how his alleged disability was a "determinative factor" in the decision not to hire him or otherwise

giving rise to an inference of disability discrimination. See Andrews v. City of Hartford, 700 F. App'x 924, 927 (11th Cir. 2017) ("[Plaintiff] made only the conclusory statement that he was fired because of his disability, which was not sufficient to state a discrimination claim."). Accordingly, as plead, Plaintiff's complaint fails to state a claim upon which relief can be granted.

Rather than recommending dismissal, Plaintiff's deficient complaint is **STRICKEN** and Plaintiff is **GRANTED LEAVE** to file an amended compliant no later than **September 25, 2026.** Specifically, Plaintiff's amended complaint must contain enough facts to state a facially plausible claim for relief. Iqbal, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Plaintiff is hereby **cautioned** that if he does not file an amended complaint within the ordered time, or if he files an amended complaint that fails to fully address and correct the deficiencies in the original complaint that are described in this order, the undersigned will recommend that this action be dismissed.

The Clerk is **DIRECTED** to send Plaintiff a copy of his original complaint, this Court's form EEOC complaint, a copy of this Court's motion to proceed without prepayment of fees, and a copy of this

Court's Pro Se Litigant Handbook. Plaintiff is encouraged to review the handbook carefully and utilize it in drafting his amended complaint.

**ORDERED** this **26th** day of **August, 2026.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**